**Howard v. Great American Insurance Company**

*Edmund V. Ludwig,* for plaintiff.

*Mark Weber* of *Power, Bowen & Valimont,* for defendant.

GARB, J., January 31, 1968.—This matter was tried before the court sitting without a jury by virtue of a stipulation of counsel agreeing to said disposition under and pursuant to the Act of April 22, 1874, P. L. 109, sec. 1, 12 PS §688, et seq. There being no specific request by counsel for either party for findings of fact or conclusions of law, the same will be dispensed with.

No testimony was submitted at the trial of this matter but the factual background relevant hereto was submitted to the court by the agreed admissions in the pleadings as well as a stipulation of facts. At the time relevant hereto, plaintiff was an individual residing in Doylestown, Bucks County, Pa., and was the owner of a 1957 Johnson sailboat. Defendant was a New York corporation authorized to do business in Pennsylvania, engaged in the insurance business. On May 25, 1964, there was in full force and effect a certain insurance policy issued by defendant covering plaintiff's 1957 Johnson sailboat. The said insurance policy insured the sailboat against all perils. On May 25, 1964, the aforesaid sailboat, while afloat on Lake Wallenpaupack, in Pennsylvania, was caused to break loose from its moorings and be thrown against some rocks and the dock, causing damage thereto in excess of the policy limits. The policy limits were in the sum of $1,250. The loss and damage resulted from a peril against which the sailboat was insured under the terms of the policy. The policy contained the following provisions.

"Warranted that said Yacht shall be laid up and out of commission from 11-30 at noon, until 5-30 at noon."

It was stipulated that plaintiff placed the boat in the water and securely moored same on May 15, 1964. It was moored in said fashion until May 25, 1964, the date on which the loss was incurred. It was the practice on Lake Wallenpaupack to place boats in the water in early May of each year.

It was further stipulated that a Mr. Guccini operated a marina on Lake Wallenpaupack for a period of at least two years preceding the date of the accident and was familiar with the rules and regulations of the Pennsylvania Power and Light Company, the owner of

the lake, and the prevailing weather conditions on said lake. It was stipulated that if he were called as a witness by defendant, he would testify that the Pennsylvania Power and Light Company requests that boats be removed during the winter months, together with all docks, buoys, etc. All are removed during winter months. There are no in-water berths at the lake in winter or in summer. During the winter the lake freezes to a depth of 26 inches. He is not certain when the ice actually breaks up in the spring, but it is generally broken up by one week after the opening of trout season, which is April 15th of each year. The ice would damage any boat, dock or buoy left in the water.

It was stipulated that if plaintiff were called to testify he would testify that the boat was not in the water in 1964 until he placed it there on May 15th; however, the boat was in the water on the previous summer and had been removed during the winter.

Defendant has denied liability on plaintiff's claim for recovery for damage to his boat on the grounds that the provision in the policy regarding layup was breached by plaintiff in placing the boat in the water prior to May 30th, the effect of which was to forfeit any coverage under the policy. With this contention, we cannot agree.

An insurance policy will be construed most strongly against the insurer who has prepared it, and if there is any doubt or ambiguity as to the meaning of the policy, the doubts or ambiguities will be resolved in favor of the insured. If an insurance policy is reasonably susceptible of two interpretations, it is to be construed in favor of the insured in order not to defeat the claim of indemnity which it was the insured's object to obtain: Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394 (1956).

At first blush, it would appear that judicial interpretation of the term "laid up and out of commission" is a sine qua non to determination of this case. While there are no cases directly on point in Pennsylvania,[1] cases in other jurisdictions indicate that whether or not this term contemplates in-water storage depends upon custom and usage as related to the particular body of water and location in question. See Providence Washington Ins. Co. v. Lovett, 119 F. Supp. 371 (D. C. Rhode Island, 1953); Gelb v. Automobile Ins. Co. of Hartford, Conn., 168 F. 2d 774 (2nd Cir., 1948), 83 A. L. R. 2d 1455. The burden being on the insurance company to prove the assured's breach of the contract (Shafer v. John Hancock Mutual Life Insurance Co., 410 Pa. 394 (1963)), defendant must show that the custom and usage on Lake Wallenpaupack on May 25, 1964, would be such that "laid up and out of commission" would connote storage out of the water. The facts in this case indicated by the testimony of Mr. Guccini, called by defendant, would be to the effect that the ice breaks up on or about May 1st. It was further agreed by stipulation that it was the practice on Lake Wallenpaupack to put boats in the water in early May of each year. Therefore, the custom and usage on May 25th of each year would contemplate in-water berthing or mooring of boats.

However, we do not have to decide this case on that basis, because it is clear that this provision in the contract was not such as to deny the insured a recovery under the policy for the loss as it was incurred. A distinction is made in Pennsylvania between provisions in insurance policies which are warranties and

---

[1] The term "laid up" as relates to a marine insurance policy is defined in Dahlgren v. Whitaker, 124 Fed. 695 (D.C. E.D. Pa., 1903), although in an entirely different context and therefore irrelevant to this case.

representations. A warranty must be literally true while a representation must be met only so far as it is material to the risk. A warranty, which carries with it the avoidance of the policy in case the fact is not as warranted, is limited to the warranty of an existing fact and will not be extended so as to include promises or agreements as to future acts. Breach of the latter will not be held to avoid the policy unless they are material to the risk insured against: Karp v. Fidelity-Phoenix Fire Insurance Co., 134 Pa. Superior Ct. 514 (1938), and Pugh v. Commonwealth Mutual Fire Ins. Co. of Pennsylvania, 195 F. 2d 83 (3d Cir., 1952). The provision in question obviously does not represent a warranty of an existing fact but rather a promise as to future acts. As such, as in Karp v. Fidelity-Phoenix Fire Insurance Co., supra, a breach of same would not void the policy unless this representation was material to the risk insured against. The risk with which we are concerned here was the risk of damage to the boat by ice on the lake during the winter months. Inasmuch as it is undisputed that the ice is melted and dissipated on or before May 1st of each year, it had no relevancy to the damage incurred. The risk contemplated by this clause of the policy was not material to the hazard resulting in damage. There is nothing to indicate that violent storms in the latter part of May was a risk contemplated by this provision of the policy and, in fact, the record is barren of any evidence to indicate that the parties foresaw any such storms at the time in question. Therefore, we are compelled to find that this provision of the policy was a representation rather than a warranty and that it was not material to the risk insured against.

For the foregoing reasons, we enter the following:

ORDER

And now, January 31, 1968, the prothonotary is

directed to enter a verdict in favor of plaintiff and against defendant in the sum of $1,250, plus costs of suit, and upon failure of defendant to file specific exceptions to this order within 30 days from the entry thereof, to enter judgment in the said amount in favor of plaintiff without further order of court.